UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL GAHAGAN** | ) |
| | ) |
| Plaintiff, | ) Case No.: _____ |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) |
| | ) |
| AND | ) |
| | ) |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.   INTRODUCTION**

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") for injunctive and other appropriate relief seeking immediate disclosure and release of agency records unlawfully withheld from Plaintiff by Defendants, the United States Department of Justice, the United States Department of Homeland Security, and the United States Immigration and Customs Enforcement.

**II.   PARTIES**

2.      Plaintiff Michael Gahagan ("Plaintiff") is a member of the Louisiana bar, who resides in the Eastern District of Louisiana; and Plaintiff is the only immigration attorney in Louisiana that routinely represents clients in the federal District Courts of Louisiana by filing lawsuits against Defendants when they violate laws that negatively affect his clients.  Through the Freedom of Information Act, Plaintiff requested a copy of specific documents in the possession of Defendants so that Plaintiff could effectively defend himself from an attorney disciplinary

1

complaint filed by a U.S. Department of Justice employee in Washington, D.C., named Jennifer J. "Jenni" Barnes, who Plaintiff has never met, spoken to, had any interactions with, or has even heard of in any way, shape, or form.

3. Defendant United States Department of Justice ("DOJ") has the custody and control of specific information of which Plaintiff is seeking pursuant to FOIA. DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

4. Defendant United States Department of Homeland Security ("DHS") has the custody and control of specific information of which Plaintiff is seeking pursuant to FOIA. DHS is an agency within the meaning of 5 U.S.C. § 552(f).

5. Defendant United States Immigration and Customs Enforcement ("ICE") has the custody and control of specific information of which Plaintiff is seeking pursuant to FOIA. ICE is an agency within the meaning of 5 U.S.C. § 552(f).

### III. JURISDICTION

6. This Honorable Court has subject matter jurisdiction and personal jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii) (Freedom of Information Act). This Honorable Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) as this action arises under the Freedom of Information Act. 5 U.S.C. § 552, *et seq*.

7. The aid of this Honorable Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

### IV. VENUE

8. Venue lies in the United States District Court for the Eastern District of Louisiana pursuant to 5 U.S.C. § 552(a)(4)(B) since Plaintiff resides in the Eastern District of Louisiana.

## V.  TIME FOR DEFENDANTS TO RESPOND

9.     Pursuant to the Freedom of Information Act, Defendants have thirty (30) days to respond to the instant Complaint. 5 U.S.C. § 552(a)(4)(C).

## VI. PLAINTIFF STRONGLY OBJECTS TO ANY CONTINUANCE

10.    Due to the time constraints that Defendants have imposed on Plaintiff due solely by Defendants' action (e.g. DOJ employee Jennifer J. "Jenni" Barnes' attorney disciplinary complaint against Plaintiff), and knowing from past experience that the government routinely requests continuances for additional time to respond without cause, Plaintiff strongly objects to any continuance requested by the government in responding to the instant Complaint.

## VII.   FREEDOM OF INFORMATION ACT

11.    The Freedom of Information Act was passed with the intent to allow individuals access to documents under government control. 5 U.S.C. § 552, *et seq*.  When a request for information is made to a government agency, that government agency has twenty (20) working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(I).  The government agency may grant itself a ten work day extension where "unusual circumstances" exist, pursuant to 5 U.S.C. § 552(a)(6)(B)(i); but the government agency must notify the FOIA requester about the ten work day extension by "written notice to the person making such [FOIA] request." 5 U.S.C. § 552(a)(6)(B)(i).  Where an agency has failed to respond within the prescribed time period, the person making the request is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

12.    Where a government agency does respond to a FOIA request, and the FOIA requestor appeals the agency's FOIA decision, that government agency has twenty working days to respond to the FOIA appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

13.    On complaint, the United States District Court may "enjoin the agency from withholding agency records and ... order the production of any agency records improperly withheld from

complainant." 5 U.S.C. § 552(a)(4)(B). Since Plaintiff has waited beyond the time allowed for the government's response under FOIA, and the government has not supplied Plaintiff with a copy of the specified records that Plaintiff has requested, and of which Plaintiff has a legal right to pursuant to FOIA, Defendants are in clear violation of the Freedom of Information Act, 5 U.S.C. § 552, *et seq*.

## VIII. STATEMENT OF FACTS

14. Plaintiff is an immigration attorney and the owner of The Immigration Law Firm of New Orleans. Plaintiff is currently the only immigration attorney in Louisiana who actively represents clients in federal lawsuits against the U.S. Department of Homeland Security, the U.S. Department of Justice, and U.S. Immigration and Customs Enforcement when DHS, DOJ and ICE either refuse to follow federal immigration laws or knowingly violate federal immigration laws, which affect Plaintiff's clients in a negative way. Over the past twelve months, Plaintiff has represented, or is currently representing, clients in ten federal lawsuits against the named Defendants due to government violations of the Immigration and Nationality Act, the Freedom of Information Act and/or the Administrative Procedures Act.[1]

15. On June 17, 2013, Plaintiff was served with an attorney disciplinary complaint, which was filed by a DOJ employee in Washington, D.C., named Jennifer J. "Jenni" Barnes, whom Plaintiff has never met, spoken to, had any interactions with, or had even heard of, in any way, shape, or form. That DOJ employee in Washington, D.C. claimed that she had received written testimonial evidence of Plaintiff's professional wrongdoing through triple hearsay from an email

---

[1] *See Williams v. Holder*, 12-01365 (E.D. La. 2012) (Zainey, J.); *DaSilva v. U.S. Attorney General*, 2012 WL 5289387 (E.D. La. 2012) (Africk, J.); *Saleh v. U.S. Department of Justice*, 2013 WL 1288233 (E.D.La. 2013) (Triche Milazzo, J.); *Cook v. Gomez*, 12-0202671 (E.D. La. 2012) (Lemmon, J.); *Khalid v. Gomez*, 2013 WL 2285132 (E.D.La. 2013) (Fallon, J); *Hearty v. Gomez*, 12-02123 (E.D. La. 2012) (Zainey, J.); *DaSilva v. U.S. Citizenship and Immigration Services*, 13-00013 (E.D.La.) (Africk, J.); *Urquhart v. Gomez*, 13-00402 (E.D. La.) (Duvall, J.); *Otundo v. Gomez*, 13-04994 (E.D.La.) (Africk, J.); *Ladetto v. Gomez*, 13-05046 (E.D. La.) (Feldman, J.).

that was sent to her from a DHS employee in Washington D.C., which was sent to him by from a DHS employee in New Orleans, which was sent to that DHS employee from another DHS employee in New Orleans.

### a. Department of Homeland Security FOIA Request

16. On June 26, 2013, Plaintiff properly served a FOIA request for specific documents on the United States Department of Homeland Security Privacy Office, which is the proper place of service for a FOIA request on DHS. Exhibit 1. Plaintiff made it clear that the information that Plaintiff was seeking under FOIA was needed in order for Plaintiff to effectively defend himself from an attorney disciplinary complaint with a specified time limit for response; and Plaintiff requested that his FOIA request be given urgent attention. *Id.* Plaintiff specifically requested the following information from DHS:

> Specifically, I am requesting any and all recordings of telephone calls, or transcriptions of telephone calls between U.S. Department of Homeland Security employee Charlotte Marquez and Michael Gahagan which occurred at any time between May 1, 2013 and June 1, 2013.
> Specifically, I am also requesting any and all documents, forms, or other written, photographic, electronic, computer generated, or recorded materials relating to Michael Gahagan in the possession of the Department of Homeland Security or Department of Justice, which was created between January 1, 2013, and the date that this FOIA response is issued. This includes, but is not limited to, any investigation(s) carried out by any agency within the Department of Homeland Security or Department of Justice relating to Michael Gahagan.
> Specifically, I am also requesting copies of all written, electronic, or telephonic correspondence or communication, including, but not limited to, any email, written or telephone correspondence sent to or received by U.S. Department of Homeland Security or U.S. Department of Justice employees Charlotte Marquez, David J. Whitman, Katharine Johnson, Jennifer J. Barnes (a.k.a. "Jenni" Barnes), Monique Harris, and/or Catherine M. O'Connell regarding Michael Gahagan, which was created between January 1, 2013 and the date that this FOIA response is issued.
> I am also requesting any and all documents, forms, or other written, photographic, electronic, computer generated, telephonic, or recorded materials in the possession of the Department of Homeland Security or Department of Justice that support DHS employee Charlotte Marquez's claim, in her May 24, 2013 email to David J. Whitman and Monique Harris that Michael Gahagan contacted her by telephone in May of 2013; that support DHS employee Charlotte Marquez's claim that Michael Gahagan had filed a "cancellation application" for his former client []; that support DHS employee Charlotte Marquez's claim that Michael Gahagan told her that he was "pissed off"; that support DHS employee

5

**Charlotte Marquez's claim that Michael Gahagan "gave [her] information because he did not want the guy to get away with it;" and that support DHS employee Charlotte Marquez's claim that Michael Gahagan told her that "He ... asked that I keep his name out of it."**

**I am also requesting any and all documents, forms, or other written, photographic, electronic, computer generated, or recorded materials in the possession of the Department of Homeland Security or Department of Justice that support DOJ employee Jennifer J. Barnes' (DOJ Disciplinary Counsel) claim, in her June 5, 2013 letter to the Louisiana Attorney Disciplinary Board that Michael Gahagan's former client [] "asylum application had been withdrawn;" that support DOJ employee Jennifer J. Barnes' claim that Michael Gahagan had stated that his former client had done "other bad things;" that support DOJ employee Jennifer J. Barnes' claim that Michael Gahagan had contacted DHS employee Charlotte Marquez to be "retaliatory in nature;" that support DOJ employee Jennifer J. Barnes' claim that Michael Gahagan's former client [] "withdrew the allegedly fraudulent asylum application some time ago;" that support DOJ employee Jennifer J. Barnes' assertion that Michael Gahagan did not "talk with the client and attempt to resolve these issues."**

**Lastly, I am requesting any and all documents, forms, or other written, photographic, electronic, computer generated, or recorded materials in the possession of the Department of Homeland Security or Department of Justice that DOJ employee Jennifer J. Barnes' (DOJ Disciplinary Counsel) used to conduct any type of evidentiary investigation to support her claim of an ethics violation before she submitted her June 5, 2013 letter to the Louisiana Attorney Disciplinary Board alleging that Michael Gahagan had violated Louisiana's ethics rules.**

*Id.* (emphasis in original) (hereafter referred to as "Requested Information").

17. As of the date that this Complaint for Declaratory and Injunctive Relief is filed, Plaintiff has received no response from DHS regarding Plaintiff's properly filed FOIA request; and Plaintiff has received no notice from DHS requesting a ten day extension for "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B).

### b. Immigration and Customs Enforcement FOIA Request

18. On June 27, 2013, Plaintiff properly served a FOIA request for the same Requested Information on the U.S. Immigration and Customs Enforcement Freedom of Information Act Office, which is the proper place of service for a FOIA request on ICE. Exhibit 2. Plaintiff made it clear that the information that Plaintiff was seeking under FOIA was needed in order for Plaintiff to effectively defend himself from an attorney disciplinary complaint with a specified

time limit for response; and Plaintiff requested that his FOIA request be given urgent attention. *Id*.

19.     As of the date that this Complaint for Declaratory and Injunctive Relief is filed, Plaintiff has received no response from ICE regarding Plaintiff's properly filed FOIA request; and Plaintiff has received no notice from ICE requesting a ten day extension for "unusual circumstances" pursuant to 5 U.S.C. § 552(a)(6)(B).

      **c.   Department of Justice FOIA Request**

20.     On June 24, 2013, Plaintiff properly served a FOIA request for the same Requested Information on the United States Department of Justice, Executive Office for Immigration Review ("EOIR"), Office of General Counsel, which is the proper place of service for a FOIA request on DOJ EOIR. Exhibit 3.  The DOJ employee (Jennifer J. "Jenni" Barnes) who filed the attorney disciplinary complaint against Plaintiff works within DOJ EOIR.  Plaintiff made it clear that the information that Plaintiff was seeking under FOIA was needed in order for Plaintiff to effectively defend himself from an attorney disciplinary complaint with a specified time limit for response; and Plaintiff requested that his FOIA request be given urgent attention. Exhibit 3.

21.     On July 2, 2013, DOJ EOIR produced only two pages of information to Plaintiff, which consisted only of the same two-page document that was served on Plaintiff as an attorney disciplinary complaint. *Id*.  DOJ EOIR unlawfully withheld an additional two page "email chain;" and DOJ EOIR claimed that it had "referred [the email chain] to the DHS Immigration and Customs Enforcement (ICE) for processing and a direct response" to Plaintiff. *Id*.

22.     Because DOJ EOIR had this "email chain" in its custody at the time that Plaintiff's FOIA request was filed, it is a clear violation of FOIA to refuse to produce the email chain to Plaintiff; and a government agency like DOJ EOIR is not lawfully entitled to play "hide-the-document" from a FOIA requester, regardless of where the document originated from, as long as the

7

document was in the possession of the government agency at the time the FOIA request was filed. *See* 5 U.S.C. 552(d).  Once information goes into the official files for the use of the agency, it may be retrievable from that agency. *St. Paul's Benev. Educational and Missionary Institute v. U.S.*, 506 F.Supp. 822 (N.D. Ga. 1980).  When a government agency is subject to FOIA, the records in its possession are subject to FOIA. *Armstrong v. Executive Office of President*, 830 F. Supp. 19 (D.D.C. 1993) (citing *McGehee v. C.I.A.*, 697 F.2d 1095 (D.C. Cir. 1983), on reh'g, 711 F.2d 1076 (D.C. Cir. 1983)).  Section 552(d) of FOIA prohibits withholding "except as specifically stated" in one of the nine exemptions; thus a document must be disclosed if it is not under one of the nine FOIA exemptions. 5 U.S.C. § 552(d).

23.     On July 10, 2013, Plaintiff properly filed a FOIA appeal with DOJ EOIR demanding a copy of the unlawfully withheld "email chain," and requesting that DOJ EOIR conduct an adequate search for additional documents, because it is inconceivable that an attorney who is employed by the U.S. Department of Justice, the government agency entrusted with enforcing laws, would file an attorney disciplinary complaint against a fellow attorney, who she has never had any interaction with, without any evidence of wrongdoing outside of a two page "email chain" via triple hearsay originating from a government employee from a completely different government agency on the opposite end of the United States.

24.     As of the date that this Complaint for Declaratory and Injunctive Relief is filed, more than twenty business days have passed since Plaintiff's FOIA appeal was properly served with the proper government agency and no substantive reply has been received.  Plaintiff has treated this as an unlawful denial of his FOIA request pursuant to 5 U.S.C. § 552(a)(6)(A).

25.     The delay in responding to Plaintiff's FOIA requests are not attributable to Plaintiff.

26.     Plaintiff has been irreparably harmed because of Defendants' unlawful refusal to provide the requested information pursuant to the Freedom of Information Act.

27. Plaintiff continues to be irreparably harmed every day because of the unreasonable delay of Defendants in providing the information requested under the Freedom of Information Act.

28. By continuously refusing to produce to Plaintiff the information of which Plaintiff has a legal right to under FOIA, Defendants have established a purposeful and ongoing policy of refusing to comport with the Freedom of Information Act, which prevents Plaintiff from being able to effectively defend himself from a disciplinary complaint, which was filed by a government employee in Washington, D.C., via triple hearsay from employees in a completely different government agency, whom Plaintiff has never met, spoken to, or even heard of in any way, shape or form.

## IX. EXHAUSTION OF ADMINISTRATIVE REMEDIES

29. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA requests to DHS, ICE and DOJ, and there are no further administrative acts that Plaintiff can take to obtain the documents to which he is entitled pursuant to FOIA. Plaintiff's only remedy remaining is by way of this Complaint for Declaratory and Injunctive Relief. *See* 5 U.S.C. § (a)(6)(C).

## X. FIRST CAUSE OF ACTION

### (FREEDOM OF INFORMATION ACT VIOLATION, 5 U.S.C. § 552)

30. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29 as if set forth fully herein.

31. Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

32. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of the law.

33. Defendants DHS and ICE have violated FOIA by refusing to produce any and all non-exempt records responsive to Plaintiff's FOIA request within the twenty working day responsive time period set forth at 5 U.S.C. § 552(a)(6)(A)(i); and failed to give written notice if a ten day extension was needed in "unusual circumstances," in violation of 5 U.S.C. § 552(a)(6)(B).

34. Defendant DOJ has violated FOIA by refusing to produce any and all non-exempt records responsive to Plaintiff's FOIA request with the twenty working day responsive time period set forth at 5 U.S.C. § 552(a)(6)(A)(ii).

## XI. PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff respectfully prays this Honorable Court to:

   a. Assume jurisdiction over this matter;

   b. Find that Defendants exceeded the legal response time of twenty days at 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(A)(ii) and failed to give written notice if a ten day extension was needed in the "unusual circumstances" set forth in 5 U.S.C. § 552(a)(6)(B);

   c. Order Defendants to respond to Plaintiff's FOIA request under 5 U.S.C. § 552 and produce forthwith any and all non-exempt records responsive to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

   d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

   e. Award to Plaintiff reasonable attorney's fees and costs of court pursuant to 5 U.S.C. § 552(a)(4)(E); and

   f. Grant such other relief at law and in equity as this Honorable Court may deem just and proper.

Respectfully submitted this 22nd day of August, 2013.

s/ Michael W. Gahagan, Esq.
Michael W. Gahagan, Esq.
La. State Bar #31165
The Immigration Law Firm of New Orleans
3455 North Causeway Blvd., Ste. 524
Metairie, LA. 70002
Tel: (504) 931-5355
Fax: (504) 836-0070
MichaelGahagan@ImmigrationLawNewOrleans.com
*Pro Se*

## VERIFICATION

I, Michael Gahagan, being duly sworn upon oath, hereby state: I am the Plaintiff in this case, and I verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge and belief.

Executed this 22nd day of August, 2013.

                              <u>s/ Michael W. Gahagan</u>
                              Michael W. Gahagan