UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                          CIVIL ACTION

VERSUS                                                   NO: 13-5526

UNITED STATES DEPARTMENT OF JUSTICE, ET AL.              SECTION: "N" (3)

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment (Rec. Doc. 10) filed by Plaintiff Michael Gahagan. Plaintiff seeks summary judgment relative to certain requests for information he submitted, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, to Defendants United States Department of Justice ("DOJ"), United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), and the Department of Justice's Executive Office for Immigration Review ("EOIR").[1] On the showing made, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART** as stated herein.[2]

---

[1] Plaintiff requested information related to a complaint filed with the Louisiana Attorney Disciplinary Board, on or around June 5, 2013, by EOIR Disciplinary Counsel Jennifer Barnes. *See* Rec. Doc. 26-3, pp. 2-3 of 3. On October 3, 2013, having investigated the matter, and finding clear and convincing evidence of unethical conduct to be absent, the Louisiana Attorney Disciplinary Board, Office of Disciplinary Counsel, dismissed the complaint. *See* Rec. Doc. 30-1, p. 2 of 2.

[2] Plaintiff's motion additionally requests that Defendants be ordered to pay "his attorney's fees and costs pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E) and the Equal Access to Justice Act, 28 U.S.C. §2412, *et seq.*" *See* Rec. Doc. 10, p.1. Plaintiff, however, has not briefed this aspect of his motion. Accordingly, on the showing made, the request is denied.

## LAW AND ANALYSIS

In seeking summary judgment, the gist of Plaintiff's assertions concern (1) EOIR's referral of two pages of email communications found within its files to ICE for "processing and a direct response to the requestor"; (2) the adequacy of EOIR's and ICE's searches for responsive documents;  and (3) redactions to the documents that were provided to him by Defendant ICE. Contending Plaintiff's motion lacks merit, Defendants ICE and EOIR ("Defendants") submit the declarations of Ryan Law, on behalf of ICE, and Crystal Souza, on behalf of EOIR, as well as a copy of correspondence to and from Plaintiff and the (redacted) documents produced to Plaintiff in response to his FOIA request.[3]

## I.  Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows  that there is no genuine dispute as to any material fact and the movant  is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts

---

[3]      See Rec. Docs. 26-1, 26-2, and 26-3. Defendants' submission focuses on the requests directed to ICE and EOIR, asserting:

> ICE is the specific component within the Department of Homeland Security ("DHS") that has documents responsive to Plaintiff's FOIA request.  Although DHS is a named party, DHS appropriately referred Plaintiff's FOIA request to ICE for processing.  Therefore, there is no outstanding FOIA request within DHS.  In that same vein, EOIR is the specific component within the Department of Justice ("DOJ") that has documents responsive to Plaintiff's FOIA request.  Although DOJ is a named party, DOJ appropriately referred Plaintiff's FOIA request to EOIR for processing.  Similarly, there is no outstanding FOIA request within DOJ.

See Rec. Doc. 26, p. 2, n. 1. On the showing made, the Court finds no basis to find to the contrary regarding this assessment.  Accordingly, the Court's ruling likewise focuses on Plaintiff's requests for information directed to ICE and EOIR.

are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248  (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

   If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See* Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986);  *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986);  *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

   When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party.  *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.    Freedom of Information Act, 5 U.S.C. §552, et seq. - General Principles

FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . ., shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Nine categories of information are exempt from FOIA's broad rules of disclosure. 5 U.S.C. § 552(b)(l)-(9).

FOIA was enacted to 'pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (quoting

4

*Department of the Air Force v. Rose*, 425 U.S. 352, 361, (1976)); *see also Mavadia v. Caplinger*, Civil Action No. 95-3542, 1996 WL 592742, *1 (E.D. La., 10/11/96)(Vance, J.)(FOIA "created a basic policy of full agency disclosure and a broad right of access to official information, reflecting citizens' right to know what their government is up to.")(quoting *United States Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 772-73 (1989)(internal quotations omitted)).

In FOIA, Congress included exemptions to disclosure "in order to protect specified confidentiality and privacy interests." *NLRB v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 220–21 (1978). These exemptions are explicitly limited by statute and construed narrowly. *Batton,* 598 F.3d at 175. "Thus, in a FOIA case, a court 'generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.'" *Cooper Cameron Corp. v. United States Department of Labor,* 280 F.3d 539, 543 (5th Cir. 2002); *see also Mavadia*, 1996 WL 592742, *1 ("The agency may satisfy its burden of proof through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption. These affidavits must be clear, specific and reasonably detailed while describing the withheld information in a factual and nonconclusory manner.").

## III.  Plaintiff's Contentions

### A.  EOIR's Referral to ICE

As an initial matter, the Plaintiff complains about EOIR's referral of two pages of email communications found within its files to ICE, as the originator of the document, for review

and production to Plaintiff.[4]  Plaintiff maintains that EOIR, given its possession of the document, should have provided it to him directly and without any redaction.  On the showing made, **IT IS ORDERED** that this aspect of Plaintiff's motion is denied.

If an agency receives a FOIA request for documents within its possession, the agency is responsible for processing the request and "cannot simply refuse to act on the ground that the documents originated elsewhere."  *Keys v. Department of Homeland Security*, 570 F. Supp. 2d 59, 66 (D.D.C. 2008)(quoting *McGehee v. C.I.A.*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). FOIA, however, explicitly permits "consultation . . . with another agency having a substantial interest in the determination of the request." *See* 5 U.S.C. § 552(a)(6)(B)(iii)(III).  "[A]n agency [also] may adopt procedures by which documents in the agency's possession, but which did not originate with the agency, may be referred to the originating agency for processing."  *Id.*; *see also Sussman v. United States Marshals Service*, 494 F.3d 1106, 1118 (D.C. Cir. 2007)(agency may acquit itself through a referral, provided the referral does not lead to improper withholding under the *McGehee* test)(citing *Peralta v. U.S. Attorney's Office,* 136 F.3d 169, 175–76 (D.C. Cir.1998) (applying *McGehee* where the EOUSA referred materials to the FBI for final disposition rather than releasing them or citing exemptions directly)).

The referral procedure must be reasonable under the circumstances. *See Sussman*, 494 F.3d at 1118 (citing *McGehee*, 697 F.2d 1110);  *see also Keys* (*McGehee*, 697 F.2d 1110)(legality of referral procedures is "best determined on the basis of their consequences").  Thus, "the advantages that would be secured by delegating all responsibility for reviewing the document . . .

---

[4]     *See* July 2, 2013 EOIR Memorandum to ICE (Rec. Doc. 26-1, p. 32 of 39)("[i]n light of the DHS ICE equity in the document" referring the document to ICE "for processing and a direct response to the requester").  The memorandum further states that "EOIR is not applying any exemptions to the document and has no objection to the release of the document including the handwritten notation."  *Id.*

rather than engaging in . . . 'consultation' . . . must then be balanced against any inconvenience to the requester caused by the referral[.]" *Sussman*, 494 F.3d at 1118 (quoting *McGehee*, 697 F.2d at 1111, n. 71.) A referral system constitutes a "withholding" under FOIA "if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them." *Id.* A withholding of this sort "will be deemed 'improper' unless the agency can offer a reasonable explanation for its procedure." *Id.*

Applying these authorities here, the Court denies Plaintiff's motion to the extent it seeks relief based solely on EOIR's referral of two pages of email communications found within its files to ICE.[5]  Defendants' submission reflects that EOIR  received Plaintiffs' FOIA request on or about June 24, 2013, and then referred it and the document in question to ICE on July 2, 2013.[6] EOIR also transmitted a letter to Plaintiff, on July 2, 2013, informing of the referral and advising that he would receive a direct response from ICE.[7]  On August 26, 2013, ICE provided a redacted version of the document to Plaintiff, along with correspondence referencing the referral and identifying the exemptions purportedly supporting the redactions.[8]  That same date, ICE also produced redacted versions of other documents found in ICE's own files to Plaintiff.[9]

---

[5]  *See* Rec. Doc. 26-1, pp. 38-39 of 39.

[6]  *See* Rec. Doc. 26-2, p. 2 of 4, ¶¶6, 12-14;  Rec. Doc. 26-1, p. 32 of 39.

[7]  *See id.* at ¶¶13-14; Rec. Doc. 26-3, p. 1 of 3.

[8]  *See* Rec. Doc. 26-1, p. 34 of 39 through p. 39 of 39.

[9]  *See* Rec. Doc. 26-1, p. 13 of 39 through p. 30 of 39.

On the showing made, given that emails reflected on the two-page document in question originated from ICE and were transmitted to EOIR Attorney Discipline; that EOIR promptly referred the document to ICE for processing and direct response and notified Plaintiff of the referral; and that the documents, albeit redacted, ultimately were produced to Plaintiff by ICE, the Court does not find judicial action warranted with this aspect of Plaintiff's motion.  Rather, on the information before it, the Court finds no error in EOIR's determination that ICE should have an opportunity to review and assert any exemptions believed appropriate prior to the document's disclosure.  In other words, any entitlement Plaintiff may have to an unredacted version of the document should and shall be premised on a determination of the applicability of claimed exemptions, not the particular government agency file in which the document was found.[10]

B. Adequacy of Searches

Turning to the issue of the adequacy of Defendants' searches for responsive documents, "[a]n agency may demonstrate that it conducted an adequate search [for responsive documents] by showing that it used 'methods [that] can be reasonably expected to produce the information requested.'" *Batton,*, 598 F.3d at 177 (quoting *Oglesby v. United States Department of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  "The issue is not whether other documents may exist, but rather whether the search for undisclosed documents was adequate." *In re Wade*, 969 F.2d 241, 249 n. 11 (7th Cir. 1992).

To demonstrate the reasonableness of its search, the agency may submit nonconclusory affidavits that explain in reasonable detail the scope and method of the agency's

---

[10]     Plaintiff emphasizes that EOIR did not itself apply any exemptions to the document and did not object to the release of the document including the handwritten notation. See July 2, 2013 EOIR Memorandum to ICE (Rec. Doc. 26-1, p. 32 of 39).

search. *Brown v. Federal Bureau of Investigation*, 873 F. Supp.2d 388, 399 (D.D.C. 7/10/12)(citing *Steinberg v. Department of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). These affidavits are afforded a "presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *Id.* (quoting *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991)(internal quotations and citations omitted).

The required level of detail is satisfied if the agency affidavit "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby*, 920 F.2d at 68; *accord Valencia–Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir.1999). "There is no requirement that an agency search every record system." *Oglesby*, 920 F.2d at 68. "The agency cannot limit its search to only one or more places[, however,] if there are additional sources that are likely to turn up the information requested." *Rosenberg v. United States Dept. of Immigration and Customs Enforcement*, 959 F.Supp.2d 61, 70-71 (D.D.C. Aug 11, 2013) (quoting *Valencia–Lucena,* 180 F.3d at 326 (citation omitted)). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C.1996) (citing *Miller v. United States Department of State,* 779 F.2d 1378, 1383 (8th Cir.1985)).

Applying these principles here, the Court finds the declarations of Ryan Law, on behalf of ICE, and Crystal Souza, on behalf of EOIR, as presently submitted, insufficient to enable the Court to determine if acceptable records searches were conducted. Accordingly, **IT IS ORDERED** that, on or before Tuesday, June 10, 2014, supplemental declarations taking into

account the shortcomings identified herein are to be provided to the Court and Plaintiff.[11]

Specifically, the declaration of Ryan Law states that a "search of the ICE Office of Professional Responsibility ("OPR") and the ICE Office of the Principal Legal Advisor ("OPLA")" was conducted "because they are the operational components most likely to conduct an investigation of the scope described in the plaintiff's request."[12] Mr. Law's declaration, however, does not explain the nature of the search conducted, including whether both electronic and paper files were searched, or who conducted the searches.  Nor does it address whether other ICE offices, likely (even if not "most likely") have responsive documents.  For instance, the documents produced to Plaintiff suggest the involvement of ICE personnel working in both New Orleans and Washington, D.C.  It is not evident to the Court whether ICE offices in both cities were considered as likely repositories of responsive documents.  Additionally, Plaintiff's request seeks documents supporting the assertions that he had filed a "cancellation application" for his former client and that the client's "asylum application had been withdrawn."[13]  It is not apparent from Mr. Law's declaration that any responsive documents would necessarily be found in the identified ICE components.

Ms. Souza's declaration suffers similar shortcomings relative to the nature of the search conducted and identifying who conducted the search.[14]  Further, while identifying the OGC Attorney Discipline program as the point of contact "most likely" to have possession of responsive documents, Ms. Souza likewise fails to address whether any other EOIR or DOJ components

---

[11]    If Defendants EOIR and ICE determine additional searches should be conducted, based on the Court's ruling, the searches are to be completed promptly.

[12]    *See* Rec. Doc. 26-2, p. 3 of 39, ¶¶ 9-10.

[13]    *See* Rec. Docs. 26-1, pp. 8 and 10 of 39.

[14]    *See* Rec. Doc. 26-2, p. 3 of 4, ¶¶ 11-12.

"likely" have such documents. Although the Court recognizes that government agencies certainly are not required to search every record system, a reasonable search should account for components that "likely" have responsive documents, but fall short of "most likely" status.

    C. <u>Redaction of Documents Produced</u>

        As previously stated, Plaintiff also objects to the redactions of the documents that were provided to him, contending that Defendants have failed to properly demonstrate the alleged applicability of the claimed disclosure exemptions, and asks that the Court order production and/or conduct an *in camera* review of the unredacted documents. In redacting information from certain documents produced to Plaintiff, Defendant ICE asserts FOIA Exemptions 5, 6, and/or 7(C).[15]

        Exemption 5 allows for the withholding of inter or intra agency documents that typically are privileged in the civil discovery context. ICE asserted this exemption over documents purportedly containing information covered by the deliberative process and attorney client

---

[15]    *See* 5 U.S.C. §§552(b)(5), (6) and (7)(C), providing, in pertinent part:

    (b) This section does not apply to matters that are:

    * * *

    (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

    (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

    (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

privileges.[16]  Exemption 6 exempts personnel or medical files and similar files for which disclosure would cause a clearly unwarranted invasion of personal privacy.  According to Defendants' memorandum, the types of information withheld pursuant to this exemption consist of "names, addresses, and other information relating to third parties that is considered personal."[17]  Exemption 7(C) protects from disclosure information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  According to Defendants' memorandum, ICE invoked this exemption in withholding the names of employees involved in this process.[18]

Significantly, Plaintiff does not argue that the exemptions claimed by Defendants are legally or factually inapplicable;  rather, his complaints focus on Defendants' failure to correlate each claimed exemption with particular redacted information.  The Court agrees with Plaintiff regarding the redactions set forth in numbered paragraphs 1-3 on page 29 of 39 and page 30 of 39 of record document 26-1.  Accordingly, **IT IS ORDERED** that, regarding these redactions, Defendants must advise Plaintiff and the Court, no later than Tuesday, June 10, 2014, of the particular exemptions(s) claimed.  At that time, Defendants must also provide an unredacted copy of those pages to the Court for *in camera* review.  Following that review, the Court will advise the parties of its determination regarding disclosure.

The remainder of Defendants' redactions (see record document 26-1, page 19 of 39 through page 30 of 39, and page 38 of 39 and page 39 of  39) undoubtedly refer to names, email

---

[16]     *See* Rec. Doc. 26, pp. 8-9.

[17]     *See* Rec. Doc. 26, p. 9.

[18]     *See* Rec. Doc. 26, p. 10.

address, and phone numbers of agency employees and/or third parties.  The Court first notes that Exemption 6 has been found inapplicable to such information insofar as it pertains to government agency employees.  *See, e.g., Friedman v. United States Secret Service*, 923 F.Supp. 2d 262, 281-82 (D.D.C. 2013) (citing cases).

    Turning to Exemption 7(C), which applies to information compiled for law enforcement purposes, the Court first notes that  documents reflecting information compiled by the Internal Revenue Service ("IRS") in investigating a complaint of unethical conduct by an attorney who represented taypayers before the IRS have been found to constitute records compiled for law enforcement purposes.  *See Pope v. United States*, 599 F.2d 1383, 1385-86 (5th Cir. 1979)(addressing Exemption 7(D)).  On the showing made, the Court finds no reason to conclude that the documents in question here do not similarly qualify as "records or information compiled for law enforcement purposes."[19]

    In *National Archives and Records Administration v. Favish*, 541 U.S. 157, 171-175 (2004), the  Supreme Court explained the proper application of this exemption:

> [Exemption 7(C)] directs nondisclosure only where the information "could reasonably be expected to constitute an unwarranted invasion" of the [personal privacy interest at issue]. The term "unwarranted" requires us to balance the [personal] privacy interest against the public interest in disclosure. *See Reporters Committee*, 489 U.S., at 762, 109 S.Ct. 1468.[20]

---

[19]    The declaration submitted by Crystal R. Souza outlines the respective roles of the EOIR and DHS relative to immigration matters and describes EOIR's Attorney Discipline Program. *See* Rec. Doc. 26-2, p. 2 of 4, ¶¶ 4-5; *see also* 8 C.F.R. §292.1, *et seq.*;  8 C.F.R. §1003.101, *et seq.*; 73 F.R. 76914.

[20]    A requester's "personal stake in the release of the requested information is 'irrelevant' to the balancing of public and [] privacy interests required by Exemption 7(C)." *Roth v. United States Department of Justice*, 642 F.3d 1161, 1177 (D.C. Cir. 2011)(citing *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000)).

FOIA is often explained as a means for citizens to know " 'what their Government is up to.'" *Id.*, at 773, 109 S.Ct. 1468. This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy. The statement confirms that, as a general rule, when documents are within FOIA's disclosure provisions, citizens should not be required to explain why they seek the information. A person requesting the information needs no preconceived idea of the uses the data might serve. The information belongs to citizens to do with as they choose. Furthermore, as we have noted, the disclosure does not depend on the identity of the requester. As a general rule, if the information is subject to disclosure, it belongs to all.

When disclosure touches upon certain areas defined in the exemptions, however, the statute recognizes limitations that compete with the general interest in disclosure, and that, in appropriate cases, can overcome it. In the case of Exemption 7(C), the statute requires us to protect, in the proper degree, the personal privacy of citizens against the uncontrolled release of information compiled through the power of the State. The statutory direction that the information not be released if the invasion of personal privacy could reasonably be expected to be unwarranted requires the courts to balance the competing interests in privacy and disclosure. To effect this balance and to give practical meaning to the exemption, the usual rule that the citizen need not offer a reason for requesting the information must be inapplicable.

Where the privacy concerns addressed by Exemption 7(C) are present, the exemption requires the person requesting the information to establish a sufficient reason for the disclosure. First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted.

* * *

[]It must be remembered that once there is disclosure, the information belongs to the general public. There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination.

We hold that, where there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred. [] Only when the FOIA requester has produced evidence sufficient to satisfy this standard will there exist a counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records. Allegations of government misconduct are " 'easy to allege and hard to disprove,'" *Crawford-El v. Britton,* 523 U.S. 574, 585, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), so courts must insist on a meaningful evidentiary showing.

Exemption 7(C) often is applied to protect such information concerning agency employees, other law enforcement personnel, witnesses, and third parties from FOIA disclosure. *See, e.g., Rosenberg v. United States Dept. of Immigration and Customs Enforcement*, 959 F.Supp.2d 61, 75 (D.D.C. Aug 11, 2013); *Brown, v. Federal Bureau of Investigation*, 873 F.Supp.2d 388 (D.D.C. 7/10/12); *Keys v. Department of Homeland Security*, 570 F.Supp.2d 59, 67-68, 71 (D.D.C. Aug 11, 2008); *Aldridge v. United States Commissioner of Internal Revenue*, Civil Action No. 00-131, 2001 WL 196965, *2-3 (N.D. Tex. 2/23/01). Here, on the showing made, the Court finds Plaintiff has failed to produce evidence sufficient to warrant a belief by a reasonable person that government impropriety might have occurred. Thus, the Court is not in a position to conclude that a public interest in disclosure outweighs the personal privacy interest at issue. Accordingly,

except as previously ordered regarding the redactions in numbered paragraphs 1-3 on page 29 of 39

and page 30 of 39 of record document 26-1, **IT IS ORDERED** that Plaintiff's motion is denied

relative to Defendant ICE's redactions of the documents provided to him.

New Orleans, Louisiana, this <u>23rd</u> day of <u>May</u> 2014.

**KURT D. ENGELHARDT**
**United States District Judge**

16