UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL GAHAGAN | CIVIL ACTION |
| VERSUS | NO: 13-5526 |
| UNITED STATES DEPARTMENT OF JUSTICE, ET AL. | SECTION: "N" (3) |

## ORDER AND REASONS

Presently before the Court are two motions for summary judgment (Rec. Docs. 32 and 33) filed by Plaintiff Michael Gahagan. With his motions, Plaintiff seeks relief regarding certain requests for information he submitted, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., to Defendants United States Department of Justice ("DOJ"), United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), and the Department of Justice's Executive Office for Immigration Review ("EOIR"). Having considered the parties' submissions[1] and applicable law, **IT IS ORDERED**, on the showing made, that the motions are **GRANTED IN PART** and **DENIED IN PART** as stated herein.

## LAW AND ANALYSIS

Plaintiff's instant motions are essentially a follow up to the Court's prior Order and Reasons (Rec. Doc. 31), regarding Plaintiff's first motion for summary judgment, and Defendants' submission in response thereto.[2] The gist of Plaintiff's current motions concern (1) Defendants' obligation to

---

[1] *See* Rec. Doc. 32, 33, 34 and 37.

[2] *See* Rec. Doc. 34-1. Following the issuance of the Court's prior Order and Reasons, Defendants ICE and EOIR supplemented their prior production with two additional declarations and copies of additional redacted documents. Redacted versions of the

1

produce a *Vaughn* Index with their FOIA responses; (2) Defendant ICE's obligation to provide unredacted documents to the Court for *in camera* inspection; and (3) the adequacy of Defendants' searches for responsive documents. Contending Plaintiff's motions lack merit, Defendants ICE and EOIR ("Defendants") point to and rely upon their submissions made to both the Court *and* Plaintiff, their submission of unredacted documents to the Court for *in camera* review, and correspondence to and from Plaintiff regarding a second set of redacted documents that were provided to Plaintiff following Defendant ICE's second search.[3] The submissions that Defendants have made to both the Court *and* Plaintiff, since the issuance of the Court's prior Order and Reasons are: (1) the sworn declaration of Fernando Pineiro, on behalf of ICE,[4] (2) the second sworn declaration of Crystal Souza, on behalf of EOIR,[5] and (3) a second set of redacted documents from ICE's files.[6]

## I.   Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). FOIA places the burden of proof on the government agency to sustain its action; namely, to demonstrate the adequacy of its search and to justify any nondisclosures. 5 U.S.C. § 552(a)(4)(B); *United States Dept. of Justice v.*

---

additional documents were provided to both Plaintiff and the Court. Unredacted versions of the documents, however, were only submitted to the Court for *in camera* inspection.

[3]  Rec. Doc. 34-1, Pages 17-22 of 22.

[4]  *See* June 16, 2014 Declaration of Fernando Pineiro (Rec. Doc. 34-1, Pages 3-11 of 22). Mr. Pineiro is the Deputy FOIA Officer of the FOIA Office at ICE.

[5]  *See* June 16, 2014 Second Declaration of Crystal Souza (Rec. Doc. 34-1, Pages 15-16 of 22). Ms. Souza is the Supervising Government Information Specialist with the DOJ, EOIR, OGC and FOIA Service Center.

[6]  Rec. Doc. 34-1, Pages 13-14 of 22.

*Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989). The agency can meet its burden by demonstrating a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested," and by providing clear, specific, and reasonably detailed affidavits identifying each redacted or nondisclosed document and explaining why it falls under a claimed exemption. *Batton v. Evers*, 598 F.3d 169, 177 (5th Cir. 2010); *Summers v. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998).

## II. Plaintiff's Contentions

### A. *Vaughn* Index Requirement

Plaintiff first argues that Defendant failed to submit a "legally mandated" *Vaughn* Index justifying its withholdings and redactions. In *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973), the D.C. Circuit concluded that having a detailed explanation from the FOIA respondent of each redaction made, including identification of the applicable FOIA exemption(s), would facilitate a court's review of the sufficiency of the production made in response to a plaintiff's FOIA request. The *Vaughn* Court suggested organizing these documents using an indexing system that is now often referred to as a "*Vaughn* Index." *Id.* There is no set formula, or particular required format, for a *Vaughn* Index; rather, the appropriate organization and format of each index will depend on the nature of the documents and exemptions at issue. *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1998). Further, the agency need not produce a separate document specifically labeled "*Vaughn* Index," so long as it otherwise provides the Court with a clear explanation for each redaction and non-disclosure in some format. See, e.g., *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993). In short, the Court's focus is on the "substance, rather than the form, of the information supplied by the government to justify its withholding of requested information." *Vaughn v. United States*, 936 F.2d 862, 867 (6th Cir. 1991).

Here, Defendant ICE did not provide the Court or Plaintiff with a separate document labeled "*Vaughn* Index." Rather, the redacted documents produced by ICE were accompanied by a sworn declaration from Fernando Pineiro, on behalf of ICE, [7] that includes a section addressing each FOIA exemption that ICE contends justifies its redactions.[8] More specifically, that section references each redacted document by Bates page number and identifies the corresponding exemption(s) applied to each page's redactions. It also includes an explanation for each exemption, describes the contents of the redacted document, and sets forth the titles of the employees who participated in the preparation of the written communication. In addition, the redacted documents accompanying the Pineiro declaration also have the citation of the asserted FOIA exemption placed directly over the redacted ("covered") text.[9]

The Court is persuaded that the additional information and documents provided[10] in response to the Court's previous Order and Reasons satisfy ICE's obligation relative to a *Vaughn* Index. The Court is able to derive from the Pineiro declaration an explanation as to why ICE contends that each redacted portion is exempt from disclosure. Additionally, any allegedly inadequate explanations provided by ICE are sufficiently supplemented by the unredacted documents supplied to the Court for *in camera* inspection. See *Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1082 (9th Cir. 2004); see also *Simon v. U.S. Dep't of Justice*, 980 F.2d 782, 784 (D.C. Cir. 1992). Therefore, to the extent

---

[7] *See* Rec. Doc. 34-1, Pages 1-14 of 22. ICE provided redacted responsive documents to Plaintiff and the Court. To facilitate the Court's consideration of the exemptions purportedly justifying its redactions, ICE also provided unredacted versions of the documents to the Court for *in camera* review.

[8] *See* Rec. Doc. 34-1 at 8.

[9] *See* Rec. Doc. 34-1 at 13-14, 18-22.

[10] *See* Rec. Doc. 34-1, June 17, 2014 letter to Court, and Pineiro Declaration.

Plaintiff's motion requests additional explanation from ICE in the form of a *Vaughn* Index, **IT IS ORDERED** that the motion is **DENIED**.[11]

  B. *In camera* Document Inspection

Plaintiff's second contention is that the Court should order ICE to produce withheld agency records for *in camera* inspection. ICE did so on June 17, 2014. Accordingly, the Court finds that submission to have fulfilled ICE's document production obligation.

  C. Adequacy of Search for Responsive Documents

    1. Defendants' First Search

Plaintiff's third argument is that Defendants did not conduct a legally adequate search as mandated by FOIA. Specifically, Plaintiff contends that the first set of declarations provided to Plaintiff and the Court by ICE and EOIR "lack the detail 'necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment [for the agency].'"[12]

To demonstrate the reasonableness of its document search, an agency may submit nonconclusory affidavits that explain in reasonable detail the scope and method of the search. *Brown v. FBI*, 873 F. Supp. 2d 388, 389 (D.D.C. 2012) (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551(D.C. Cir. 1994)). The required level of detail is satisfied if the agency affidavit "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive

---

[11] Defendant EOIR provided Plaintiff with two pages of unredacted material; therefore, the *Vaughn* Index requirement does not apply to its search.

[12] See Rec. Doc. 33-2 at 9 (citing *Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007)). Prior to the issuance of the Court's previous Order and Reasons, Defendants submitted the sworn declaration of Ryan Law, on behalf of ICE, and the first sworn declaration of Crystal Souza, on behalf of EOIR. See Rec. Doc. 26-1 at 1-5 and 26-2 at 1-4.

materials (if such records exist) were searched. . . ." *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Agencies are not required to search every record system; rather, they must search all sources that are *likely* to contain requested information. *Id.*; *Rosenberg v. U.S. Dep't of Immigration and Customs Enforcement*, 959 F. Supp. 2d 61, 70-71 (D.D.C. 2013).

As stated in its prior Order and Reasons, the Court previously found Defendants' first declarations insufficient; that is, they did not enable the Court to determine whether acceptable searches were conducted.[13] As such, the Court instructed Defendants to submit supplemental declarations.[14] The shortcomings identified by the Court were: (1) Ryan Law's declaration did not explain the nature of the search conducted, including whether both electronic and paper files were searched by ICE personnel, and who conducted the searches; (2) Law's declaration did not address whether other ICE offices *likely* have responsive documents; (3) Law's declaration did not explain why certain ICE components were selected (and not others) as "most likely" to have responsive documents; (4) Crystal Souza's declaration did not explain the nature of the search conducted by EOIR and who conducted the search; and (5) Souza's declaration failed to address whether EOIR or DOJ components "likely" (as opposed to "most likely") have additional responsive documents.[15]

To address those shortcomings, Defendants supplemented their previous submissions with a declaration from Fernando Pineiro of ICE and a second declaration from Crystal Souza of EOIR.[16] Pineiro's declaration explains why certain components of ICE were tasked to complete the search and others were not, and sets forth the titles of each person performing the search, the databases

---

[13]   *See* Rec. Doc. 31 at 9.

[14]   *Id.* at 10.

[15]   Rec. Doc. 31 at 10-11.

[16]   Rec. Doc. 34-1.

6

searched, and the search terms utilized.[17] Souza's second declaration also addresses why certain EOIR components were tasked to complete the search and others were not, and why certain employees were selected to perform a record search and others were not (including the employees' names).[18] It also indicates that manual and electronic files were searched and that Plaintiff's name was used as the search term.[19]

Having carefully reviewed the supplemental information provided by the Defendants, the Court finds it helpful, but still not entirely sufficient. Specifically, Pineiro's declaration states that no paper or hard-copy filing systems were searched because ICE employees "determined, based on their knowledge of how records were maintained in their office, that such search would not be likely to locate any responsive records."[20] This explanation is overly conclusory, and fails to provide the Court with sufficient information to evaluate the adequacy of ICE's search. Therefore, **IT IS ORDERED** that, on or before Tuesday, July 7, 2015, Defendant ICE must provide supplemental specific information explaining its decision to not search paper or hard-copy filing systems, including, but not limited to, an explanation of "how records were maintained in their office" at the relevant time(s).

---

[17] *Id*. at 4-8.

[18] *Id*. at 15-16.

[19] *Id*. at 16.

[20] *Id*. at 8.

Crystal Souza's second declaration likewise is inadequate because it states that EOIR's search was limited to the employee determined to be the "most likely source" of responsive records.[21] A reasonable search should account for sources that are "likely" to have responsive documents.[22] Therefore, **IT IS ORDERED** that, on or before Wednesday, July 20, 2015, Defendant EOIR must search all components "likely" to have responsive documents and report back to the Court and Plaintiff regarding the fruits, if any, of the search(es).

On the other hand, the Court rejects Plaintiff's contention that Defendants are required to disclose to him the full names of the employees who performed the FOIA searches. There is no uniform standard or set of requirements for sufficiently detailed affidavits. *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F.Supp.2d 284, 292 (D.D.C. 2007). Considering the identifying information (employee titles) already provided to Plaintiff and the Court by ICE,[23] the Court, on the showing made, is not convinced that Defendants' declarations are insufficient. Accordingly, to the extent Plaintiff's motion seeks disclosure of the full names of the ICE employees performing the FOIA searches, **IT IS ORDERED** that the motion is **DENIED**.

    2.    Defendant ICE's Second Search

Plaintiff also contends that ICE failed to provide information related to the second search performed by it on June 3, 2014. Plaintiff maintains that ICE has improperly represented that the issue regarding the adequacy of the second search was "already before the court."

The parties' submissions reflect that ICE submitted the Pineiro declaration *after* performing

---

[21] Rec. Doc. 34-1 at 16.

[22] Rec. Doc. 31 at 11.

[23] Defendant EOIR disclosed the name of its employee who performed the search referenced in the second Souza declaration. Rec. Doc. 34-1 at 15-16. Defendant ICE supplied the titles of all its employees who participated in the search described in the Pineiro declaration. Rec. Doc. 34 at 1-11.

8

its second search. In addition to discussing the first search, Pineiro's declaration provides details regarding the second search.[24] Therefore, Plaintiff's claim that ICE has not explained the scope and manner of the second search is incorrect. However, as set forth above, Defendant ICE is ordered to provide supplemental information to the Court and Plaintiff further explaining why paper and hard-copy filing systems were not searched during the second search.

### III. Redaction of Documents Produced

The Court previously found that Defendant ICE had not provided sufficient information regarding its application of FOIA Exemption (b)(5) for the Court to be able to make a determination regarding the exemption's applicability.[25] The Court thus instructed ICE to provide supplemental information further explaining the exemption to both Plaintiff and the Court, and to submit an unredacted copy of the document in question to the Court.[26] ICE submitted the Pineiro declaration, which addresses the applicability of Exemption (b)(5), in response to the Court's instruction.[27] The declaration describes the nature of the redacted document (i.e. an email message), as well as document's content, and provides the titles of the employees participating in the written exchange.[28] In addition, ICE provided the Court with copies of the unredacted document for *in camera*

---

[24] Rec. Doc. 34-1 at 17 ("As described in the declaration of ICE FOIA Officer Fernando Pineiro . . . this supplemental search produced five (5) responsive records…."); *Id.* at 7-8.

[25] "[Plaintiff's] complaints focus on Defendant's failure to correlate each claimed exemption with particular redacted information. The Court agrees with Plaintiff regarding the redactions…." Rec. Doc. 31 at 12.

[26] "[R]egarding these redactions, Defendants must advise Plaintiff and the Court … of the particular exemption(s) claimed." *See* Rec. Doc. 31 at 12.

[27] *See* Rec. Doc. 34-1 at 8-9.

[28] *Id.*

9

inspection. Considering the additional information provided, the Court agrees with Defendant ICE that Exemption (b)(5) applies because the redacted information is protected by the deliberative process privilege.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motions are **GRANTED IN PART** and **DENIED IN PART**. As more extensively stated above, the motions are granted to the extent that Defendant ICE must provide supplemental information regarding the search conducted by it and Defendant EOIR must expand its search for responsive documents. Otherwise, Plaintiff's motions are denied.

New Orleans, Louisiana, this 24th day of June 2015.

_____
**KURT D. ENGELHARDT**
United States District Judge