UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL GAHAGAN                                            CIVIL ACTION

VERSUS                                                     NO: 13-5526

UNITED STATES DEPARTMENT OF JUSTICE, ET AL.               SECTION: "N" (3)

## ORDER AND REASONS

Presently before the Court is "Plaintiff's Motion for Attorney's Fees and Costs Pursuant to

the Open Government Act of 2007, 5 U.S.C. §552(a)(4)(E)" (Rec. Doc. 50). As reflected in the

record of this matter, Plaintiff seeks an award of attorney's fees and costs relative to the requests for

information he previously submitted, pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, *et seq.*, to Defendants United States Department of Justice ("DOJ"), United States

Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement

("ICE"), and the Department of Justice's Executive Office for Immigration Review ("EOIR"). The

Court previously resolved those requests in three Orders and Reasons (Rec. Docs. 31, 38, and 47),

which denied in part and granted in part four motions for summary judgment filed by Plaintiff (Rec.

Docs. 10, 32, 33, and 41). Following entry of judgment (Rec. Doc. 49), Plaintiff filed the instant

motion.

Having carefully reviewed the parties' submissions and applicable law, the Court finds Plaintiff's requests for attorney's fees to be precluded, as a matter of law, for the reasons set forth in Judge Feldman's September 12, 2017 Order and Reasons (Rec. Doc. 82) in *Gahagan v. United States Citizenship and Immigration Servs.,* Civil Action No. 16-15438, 2017 WL 4003851 ("F")(E.D. La. Sept. 12, 2017). In short, as thoroughly explained in Judge Feldman's opinion, the Court is compelled to conclude that attorney's fees are not available to a *pro se* plaintiff even if he or she is a licensed attorney-at-law.

On other hand, however, the Court finds Plaintiff to be eligible for and entitled to an award of costs, as requested by him, in the amount of $506.65. The relief previously granted to Plaintiff in the form of additional details regarding the nature and scope of the searches that were conducted by the DOJ and ICE, along with the additional, more extensive searches ordered by the Court, satisfy the "substantially prevailed" eligibility requirement. *See* 5 U.S.C. §552(a)(4)(E)(ii); *see also, e.g., Batton v. I.R.S.,* 718 F.3d 522, 525-26 (5th Cir. 2013). Further, given the record in this matter, the Court finds the relevant entitlement factors sufficiently weigh in Plaintiff's favor for purposes of a cost award. *See, e.g., Batton,* 718 F.3d at 527 (district courts are to consider (1) the benefit of the case to the public; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether government's withholding of records had reasonable basis in law).

In support of this conclusion, the Court notes that Plaintiff's FOIA requests sought the production of records for use in responding to a June 5, 2014 disciplinary complaint made against him, by DOJ Attorney Jennifer Barnes, to the Louisiana Attorney Disciplinary Board. Upon completing its investigation, the Louisiana Office of Disciplinary Counsel dismissed the complaint for lack of clear and convincing evidence of unethical conduct. *See* Rec. Doc. 30-1. Although

Plaintiff certainly had a personal and commercial interest in obtaining the requested information, the public's interests in the administration of justice and the availability of experienced immigration lawyers likewise were served by Plaintiff's pursuit of judicial relief relative to his FOIA request and by the Court's resulting directives. Plaintiff's information requests and this litigation also have provided important information to the public regarding the pertinent departments' record-keeping systems and clarified necessary search parameters and protocol.

Finally, the limited extent of DOJ's and ICE's initial search efforts were not reasonable under the circumstances presented here. Indeed, as reflected in the multiple motions, memoranda, declarations, and Court orders docketed in the record of this matter, ensuring that appropriate document production and search efforts were made in response to Plaintiff's FOIA request required the exhaustion of far more of the Court's and the parties' limited resources than should have been necessary.

Accordingly, as set forth herein, **IT IS ORDERED** that Plaintiff's motion is **DENIED IN PART** and **GRANTED IN PART**. Specifically, the motion is denied relative to attorney's fees, but granted with respect to Plaintiff's request that he be awarded costs in the amount of $506.65.

New Orleans, Louisiana, this 20th day of September 2017.

**KURT D. ENGELHARDT**
United States District Judge